1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JOHN PAUL MARSHALL,

11              Plaintiff,                    CIV. S-05-2575 LKK GGH PS

12        vs.

13   UNITED NATIONS, et al.,

14              Defendants.              FINDINGS AND RECOMMENDATIONS

15   _____/

16              Presently pending before the court are motions to dismiss filed defendants City of

17   Sacramento, the State of California, and the United States.  Plaintiff has filed an opposition.  On

18   February 15, 2006, the court determined that oral argument was not necessary and that it would

19   take the motions under submission and decide them on the papers.  The court now addresses each

20   motion in turn.

21   BACKGROUND

22              Plaintiff filed this action on December 20, 2005, alleging civil rights violations,

23   fraud, and misrepresentation, against defendants United Nations, United States, State of

24   California, and City of Sacramento.  The latter three defendants have filed motions to dismiss.

25   Plaintiff's 325 page complaint is rambling and unintelligible, but appears to claim that

26   defendants violated his rights from 1991 to 2005 while he was trying to exercise his rights under

1

1  national and international law.  He claims he was forced to expend funds to travel to the United

2  Nations in Switzerland based on his complaints of torture.  Compl. ¶ 17.  Plaintiff concedes that

3  he previously filed an action in this court in 1993, alleging the same facts and subject areas of

4  law against the United States.  Compl. at ¶ 39.

5  DISCUSSION

6          Although the three motions raise distinct grounds for relief, the one basis which

7  they all have in common and which the court finds readily apparent from a reading of the

8  complaint, is its failure to state a claim, so much so that it is patently frivolous and the court

9  lacks jurisdiction.

10          A federal court is a court of limited jurisdiction, and may adjudicate only those

11  cases authorized by the Constitution and by Congress.  See Kokkonen v. Guardian Life Ins. Co,

12  511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994).  U.S. Const. Art. III, § 1 provides that the

13  judicial power of the United States is vested in the Supreme Court, "and in such inferior Courts

14  as the Congress may from time to time ordain and establish."  Congress therefore confers

15  jurisdiction  upon federal district courts, as limited by U.S. Const. Art. III, § 2.  See Ankenbrandt

16  v. Richards, 504 U.S. 689, 697-99, 112 S. Ct. 2206, 2212 (1992).  Lack of subject matter

17  jurisdiction may be raised at any time by either party or by the court.  See Attorneys Trust v.

18  Videotape Computer Products, Inc., 93 F.3d 593, 594-95 (9th Cir. 1996).

19          The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal

20  question" and "diversity" jurisdiction, respectively.  Statutes which regulate specific subject

21  matter may also confer federal jurisdiction.  See generally, W.W. Schwarzer, A.W. Tashima & J.

22  Wagstaffe, Federal Civil Procedure Before Trial § 2:5.

23          "The presumption is that a federal court lacks jurisdiction in a particular case until

24  it has been demonstrated that jurisdiction over the subject matter exists."  13 Charles A. Wright,

25  Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3522 at 62 (1984).

26  Plaintiff bears the burden of proof for establishing jurisdiction.  See, e.g., Sopcak v. Northern

2

1   Mountain Helicopter Serv., 52 F.3d 817, 818 (9th Cir.1995); Thornhill Pub. Co. v. General Tel.

2   & Electronics Corp., 594 F.2d 730, 733 (9th Cir.1979).  Unless a complaint presents a plausible

3   assertion of a substantial federal right, a federal court does not have jurisdiction.  See Bell v.

4   Hood, 327 U.S. 678, 682, 66 S. Ct. 773, 776 (1945).  A federal claim which is so insubstantial as

5   to be patently without merit cannot serve as the basis for federal jurisdiction.  See Hagans v.

6   Lavine, 415 U.S. 528, 587-38, 94 S. Ct. 1372, 1379-80 (1974); Apple v. Glenn, 183 F.3d 477,

7   479 (6th Cir.1999) ("a district court may, at any time, sua sponte dismiss a complaint for lack of

8   subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure

9   when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous,

10  devoid of merit, or no longer open to discussion.")

11      A less stringent examination is afforded pro se pleadings, Haines v. Kerner, 404

12  U.S. 519, 520, 92 S. Ct. 594, 595, 30 L. Ed. 2d 652 (1972), but simple reference to federal law

13  does not create subject-matter jurisdiction.  Avitts v. Amoco Prod. Co., 53 F.3d 690, 694 (5th

14  Cir.1995).  Subject-matter jurisdiction is created only by pleading a cause of action that is within

15  the court's original jurisdiction.  Id.

16      The mostly incomprehensible amended complaint presents no plausible basis for

17  federal question jurisdiction.  The facts alleged apparently concern, inter alia, plaintiff's attempts

18  to recover expenses incurred for violation of his civil rights through defendants' failures in

19  processing of criminal charges and complaints, criminal official misconduct, and administrative

20  inquiries and hearings in regard to plaintiff's claims of torture which he brought to the United

21  Nations.  Compl. at ¶ 17.  In the same paragraph, plaintiff discusses the United Nations' attempts

22  to prevent plaintiff from using his funds and "trying to fix needed dental work to maintain his

23  employability."  Id.  Another example of unintelligible pleading is the claim that "[l]aw

24  enforcement, government officials, employers, human/civil rights organizations, legal

25  practitioners, and others failure to act, continual misrepresentation, and denial of the plaintiff's

26  truthful claims of 24 hour a day 7 day a week violent harassment, antics, criminal acts, and abuse

1   of mind control are further violations which also continues to toll the statute of limitations!"  Id.

2   at ¶ 26.  Elsewhere, plaintiff alleges that he and his partner "suffered loss in 'credit' and income

3   back in1991 after the telephone sabotage to business and just recently in 2004 as continued acts

4   to retaliate for and to further hinder civil/human/legal rights efforts I.e. the September 2004

5   contact with the Legal Aid Society (LAS)."  Id. at ¶ 46.  Plaintiff has not linked any defendants to

6   any acts, and has also failed to state in a comprehensible manner how any of his rights were

7   violated.  In fact, the aforementioned paragraphs are probably the most intelligible of the 325

8   page complaint.

9          When a complaint fails to comply with the requirements of  Rule 8(a), the district

10  court has the power, on motion or sua sponte, to dismiss the complaint or to strike those parts of

11  the complaint that are redundant or immaterial.  Simmons v. Abruzzo, 49 F.3d 83, 86 (2d

12  Cir.1995).  Such a dismissal without leave to amend is rarely entered, and is reserved for "cases

13  in which the complaint is [] confused, ambiguous, vague, otherwise unintelligible. . . ."  Cf.

14  Omar v. Sea-Land Service, Inc., 813 F.2d 986, 991 (9th Cir. 1987) (observing that trial court may

15  dismiss a claim sua sponte pursuant to Fed. R. Civ. P. 12(b)(6) without notice "where the

16  claimant cannot possibly win relief.").  This case appears to be the exceptional case where

17  dismissal would be appropriate pursuant to Rule 8, without granting leave to amend.

18          Fed. R. Civ. P. 8 sets forth general rules of pleading in the Federal Courts.

19  Complaints are required to set a forth (1) the grounds upon which the court's jurisdiction rests,

20  (2) a short and plain statement of the claim showing entitlement to relief; and (3) a demand for

21  the relief plaintiff seeks.  Rule 8 requires "sufficient allegations to put defendants fairly on notice

22  of the claims against them."  McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

23          The complaint satisfies none of the above requirements.  There is no ground for

24  jurisdiction.  There is no short and plain statement of plaintiffs' claims.  There is no demand for

25  relief.  Even if the factual elements of the cause of action are present, but are scattered

26  throughout the complaint and are not organized into a "short and plain statement of the claim,"

4

1   dismissal for failure to satisfy Rule 8(a)(2) is proper.  <u>McHenry v. Renne</u>, 84 F.3d 1172, 1178

2   (9th Cir. 1996) (stating that a complaint should set forth "who is being sued, for what relief, and

3   *on what theory*, with enough detail to guide discovery" (emphasis added)).  A complaint that fails

4   to comply with rules 8(a) and 8(e) may be dismissed with prejudice pursuant to Fed. R. Civ. P.

5   41(b).  Rule 8; <u>Nevijel v. North Coast Life Ins. Co.</u>, 651 F.2d 671, 673 (9th Cir. 1981)).  Further,

6   "[t]he propriety of dismissal for failure to comply with Rule 8 does not depend on whether the

7   complaint is wholly without merit," <u>McHenry</u> 84 F.3d at 1179.

8          The complaint in this action illustrates the "unfair burdens" imposed by

9   complaints, "prolix in evidentiary detail, yet without simplicity, conciseness and clarity" which

10  "fail to perform the essential functions of a complaint." <u>McHenry</u> , 84 F.3d at 1179-80.  The

11  court concludes that the complaint is frivolous, insubstantially invokes federal subject matter

12  jurisdiction, and cannot be amended to state a claim for which relief can be granted.

13         In addition to the fact that the complaint is patently frivolous, it is duplicative of

14  case number Civ.S. 93-1372 WBS PAN, which, although dismissed on other grounds, contained

15  the same claims against the United States.  Although this case contains additional defendants not

16  named in that prior case, the claims are the same.[1]

17         While the court ordinarily would permit a pro se plaintiff to amend, amendment

18  to cure defective jurisdictional allegations is proper only to correct "incorrect statements about

19  jurisdiction that actually exists, and not defects in the jurisdictional facts themselves." <u>Bull HN</u>

20  <u>Information Systems Inc. v. Hutson</u>, 184 F.R.D. 19, 22 (D.Mass. 1999) (citing <u>Newman-Green,</u>

21  <u>Inc. v. Alfonzo-Larrain</u>, 490 U.S. 826, 109 S. Ct. 2218 (1989)).  Moreover, in any event, leave to

22

_____

23        [1]  The United Nations has not made an appearance in this case; however, due to the patent
     frivolity of the complaint which leaves the court without jurisdiction, this defendant will also be
24   dismissed *sua sponte* with dismissal of the complaint.  <u>See</u> <u>Tyler v. Carter</u>, 151 F.R.D. 537, 540
     (S.D.N.Y. 1993) (holding that fantastic or delusional claims asserted by a fee-paying plaintiff
25   may be subject to *sua sponte* dismissal by a district court under Rule 12 (b)(6) because paying
     filing fee should not give plaintiff "license to consume limited judicial resources and put
26   defendants to effort and expense").

1  amend should not be granted where it appears amendment would be futile.  See Cahill v. Liberty

2  Mut. Ins. Co., 80 F.3d 336 (9th Cir. 1996).  In this case, the court has concluded that amendment

3  of the complaint would be futile.

4  CONCLUSION

5          Accordingly, IT IS RECOMMENDED that the motions to dismiss filed by

6  defendants City of Sacramento on January 23, 2006, the United States on February 1, 2006, and

7  the State of California on February 6, 2006, be granted and this action be dismissed with

8  prejudice.

9          These findings and recommendations are submitted to the United States District

10  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten

11  (10) days after being served with these findings and recommendations, any party may file written

12  objections with the court and serve a copy on all parties.  Such a document should be captioned

13  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

14  shall be served and filed within ten (10) days after service of the objections.  The parties are

15  advised that failure to file objections within the specified time may waive the right to appeal the

16  District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

17  DATED: 4/11/06

                                    /s/ Greggory G. Hollows

18                                  _____

19                                  GREGORY G. HOLLOWS
                                    U. S. MAGISTRATE JUDGE

20  GGH:076
    Marshall2575.mtd.wpd

21

22

23

24

25

26

6